

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER, ` <br> Petitioner, <br> vs. <br><br> DIRECTOR OF THE DARLINGTON <br> COUNTY DETENTION CENTER, <br> Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION 9:22-1623-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PETITIONER'S MOTIONS FOR SUMMARY JUDGMENT,
FOR DEFAULT JUDGMENT, FOR JUDGMENT, AND TO AMEND THE PETITION**

## I.    INTRODUCTION

Petitioner Larry James Tyler (Tyler) filed this 28 U.S.C. § 2254 petition (the Petition) against Respondent Director of the Darlington County Detention Center (Director). Tyler is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Director's motion for summary judgment to dismiss Tyler's petition for writ of habeas corpus be granted, and Tyler's motions for summary judgment, for default judgment, and for judgment all be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

**II.      STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**III.     FACTUAL AND PROCEDURAL HISTORY**

This case has a complicated history. Thus, the Court will provide a brief listing of all the relevant events here:

| | |
|---|---|
| February 25–27, 2013 | Tyler, after being indicted, proceeded to trial on four charges: (1) criminal solicitation of a minor, (2) second degree sexual exploitation of a minor, (3) contributing to delinquency of a minor, and (4) disseminating harmful material to minors. |
| February 27, 2013 | Tyler was convicted and the trial judge sentenced him to a total of eight years imprisonment. |
| October 12, 2015 | The State filed a petition pursuant to the Sexually Violent Predator Act (the Act), S.C. Code §§ 44-48-10 *et. seq.*, alleging Tyler qualified as a sexually violent predator (SVP) under the Act and should be committed to the custody of the South Carolina Department of Mental Health for long term control, care, and treatment. Tyler moved to dismiss those proceedings and specifically |

2

|  |  |
|---|---|
|  | objected to the requirement he submit to a penile lethysmograph examination. |
|  | After a hearing, the Circuit Court Judge denied Tyler's motion to dismiss, granted Tyler time to cooperate with the evaluation, and instructed, if he failed to cooperate, he would "be held in contempt and continue to be detained at the Darlington County Detention Center until such time as he purged himself of that contempt by cooperating with the evaluation." Tyler refused to participate in the evaluation, which included the administration of a penile plethysmograph. |
| October 31, 2016 | The Circuit Court Judge ordered Tyler be held in contempt and remain at the Darlington County Detention Center. Although Tyler's eight-year sentence has now expired, he is currently incarcerated at the Darlington County Detention Center pursuant to the Circuit Court Judge's contempt order. |
| May 23, 2022 | The Clerk entered this federal habeas action onto the docket. He presents four grounds for relief, all which relate to his underlying conviction. |

        Ground One:    Dismissal of indictments.

        Ground Two:    Failure to object to introduction of inadmissable evidence.

        Ground Three:   Evidentiary hearing.

        Ground Four:    Prosecutorial misconduct.

| | |
|---|---|
| January 22, 2024 | The Magistrate Judge filed the Report. |

| | |
|---|---|
| February 21, 2024 | Tyler filed his objections to the Report and a motion to amend the Petition. |
| March 6, 2024 | Director filed his response in opposition to Tyler's motion to amend. |
| March 27, 2024 | Tyler filed supplemental objections to the Report. |
| April 5, 2024 | The Clerk erroneously filed a stipulation of dismissal by Tyler in this case, which should have instead been filed in another of his cases. Thus, this automatically terminated the case, the motions, and the Report in this case, such that they fail to show as pending on the Court's list of such matters. |
| December 5, 2025 | The Magistrate Judge's office informed the Court of the Clerk's April 5, 2024, error. |

### IV.    DISCUSSION AND ANALYSIS

#### A.    *Applicable law*

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has "interpreted the statutory language as requiring . . . the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)

The Supreme Court has "never held . . . a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Id*. at 491 (emphasis omitted). "[O]nce the sentence imposed for a conviction has

4

completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id* at 492.

### B.    The Report

As the Magistrate Judge notes in the Report, Tyler "was no longer in custody pursuant to the convictions listed in the Petition at the time he filed the Petition." Report at 12. She states "[t]he SVP proceedings, and their related requirements, were 'not imposed as a sentence for' [Tyler's] convictions, but rather as a collateral consequence of those convictions." *Id*. at 13.

The Magistrate Judge further observes Tyler has "fail[ed] to establish a legal precedent for challenging an expired conviction through a federal habeas petition while in custody under a civil contempt order when the petitioner has not fully exhausted a challenge to the contempt order in the state courts." *Id*. at 14-15.

Additionally, the Magistrate Judge maintains "[t]he SVP proceedings certainly stem from [Tyler's] conviction for second degree exploitation of a minor. However, [Tyler's] willful refusal to comply with a condition of those proceedings has no tie to his underlying conviction." *Id*. at 15.

### C.    *Tyler's objections*

Most of Tyler's objections relate to arguments about his underlying state convictions. But, as the Court stated above, the Supreme Court has "interpreted the [Section 2254] statutory language as requiring . . . the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91.

Again, Tyler filed the Petition well after his eight-year sentence, which the trial court imposed on February 27, 2013, had expired. Thus, he is unable to show he was "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id*. Therefore, the Court will overrule all of Tyler's objections relating to his underlying state convictions.

Still, Tyler objects to the Magistrate Judge's concluding he fails to meet the "in custody" requirement to bring this petition. Tyler argues "[h]e still [meets the] custody requirement [because he has] to register as a sex offender, which is custody under 28 U.S.C. § 2254." Objections at 11 (standardizing capitalizations).

But, "sex offender registration requirements . . . are collateral consequences of [a] conviction that are independently imposed on [the petitioner] because of his status as a convicted sex offender and not as part of his sentence. . . . [T]he sex offender registration requirements and related consequences do not impose sufficiently substantial restraints on [the petitioner's] liberty so as to justify a finding . . . he is in the custody of state officials." *Wilson* v. *Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012).

Or, stated a bit differently, as the Court stated above, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Accordingly, "given the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument . . . a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008), *cited with approval in Wilson*, 689 F.3d at 338. Accordingly, the Court will also overrule this objection.

Tyler's remaining objection are so meritless as to make discussion of them unnecessary.

Tyler fails to specifically object to the Magistrate Judge's suggestion his motions for summary judgment, for default judgment, and for judgment all be denied. Finding no clear error, the Court will adopt those portions of the Report without any discussion of them.

6

### D. *Tyler's motion to amend*

Tyler seeks to add the following claim to the Petition: "Illegal civil arrest and put under [the Act]." Motion to Amend at 4 (standardizing capitalizations).

Concerning the "[i]llegal civil arrest" portion of Tyler's motion to amend, *id.*, because the petitioner is in custody pursuant to the judgment of a State Court–even though he is in custody for civil contempt–his application is evaluated under 28 U.S.C. § 2254. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254[.]" (internal quotation marks omitted)).

A writ of habeas under 28 U.S.C. § 2254, however, can be sought only after a petitioner has exhausted his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state [petitioner], the [petitioner] must exhaust his remedies in state court. In other words, the state [petitioner] must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

Tyler, however, has failed to exhaust his remedies in state court as to this claim. Therefore, it would be futile to allow him to amend the Petition to add this claim.

Regarding Tyler being "put under [the Act][,]" Motion to Amend at 4, although the commitment proceedings in that matter are incomplete, an involuntary commitment pursuant to an SVP commitment order satisfies the "in custody" requirement for purposes of seeking habeas relief. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("Nothing in the language of these [Section 2254] provisions requires . . . the state court judgment pursuant to which a person is in custody be a criminal conviction."). But, again, "the state [petitioner] must give the state courts an opportunity

7

to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842.

As before, Tyler has failed to exhaust his state court remedies as to this claim. Thus, it would also be futile to allow him to amend the Petition to add this claim. Consequently, the Court will deny Tyler's motion to amend.

## V. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Tyler's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Director's motion for summary judgment to dismiss Tyler's petition for writ of habeas corpus is **GRANTED**, and Tyler's motions for summary judgment, for default judgment, for judgment, and to amend the Petition are all **DENIED**.

**IT IS SO ORDERED**.

Signed this 4th day of March, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Tyler is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.